# IN THE UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

| | |
|---|---|
| RALPH BENNING, | * |
| Plaintiff, | * |
| v. | * CV 602-139 |
| THE STATE OF GEORGIA; THE GEORGIA DEPARTMENT OF CORRECTIONS; JAMES E. DONALD, in his official capacity as Commissioner of the Georgia Department of Corrections, | * |
| Defendants. | * |

# O R D E R

Pending before the Court are Plaintiff's motions to reinstate this case. (Docs. 126, 129.) For the reasons stated below, the Court finds it lacks jurisdiction over this matter and **DENIES WITHOUT PREJUDICE** Plaintiff's motions to reinstate.

## I. Background

In this case, originally filed in 2002, Plaintiff challenged the conditions of his incarceration. Plaintiff sought to remedy the limitation of his religious exercise under the prison's policies on food and dress. (See generally Compl., Doc. 2.) The case was resolved by a Stipulation of Voluntary Dismissal Without Prejudice filed on November 13, 2006. (Doc. 124.) That dismissal

was made pursuant to Federal Rule of Civil Procedure 41(a)(1)(ii), was signed by all parties remaining in the case, and specified the dismissal was without prejudice. The Court entered an Order on November 20, 2006, stating: "Upon the parties Joint Stipulation of Voluntary Dismissal Without Prejudice . . . this case is now CLOSED." (Doc. 125.)

Prior to the dismissal, the parties were engaged in negotiations regarding Plaintiff's access to a kosher diet demanded by his religious beliefs. (See Docs. 118, 122.) During that time, the Georgia Department of Corrections ("GDOC") adopted a new policy that created a vegan style diet program, which Plaintiff was evaluating to ensure compliance with his religious beliefs. (Doc. 118.) The filing of the Stipulation of Voluntary Dismissal Without Prejudice followed shortly thereafter, giving rise to the inference that the parties reached an agreement. Nothing in the record, however, affirms that inference one way or the other.

Now, Plaintiff moves to reinstate this case because Defendants are allegedly violating a private settlement agreement. Filed with the motion is a rabbi's declaration stating the GDOC's religious meal program does not meet kosher standards. (Dec. of Rabbi Y. Weiss, Doc. 126.) Plaintiff, however, did not file a copy of the private settlement agreement upon which his claim is

2

based.[1]  Finally, Plaintiff contends his efforts to remedy this violation with Defendants have been ignored and kosher food is not available to him.

## II. Discussion

Plaintiff alleges that Defendants breached a private settlement agreement and seeks to reinstate this action to remedy that breach. In support, he cites a portion of the Prison Litigation Reform Act ("PLRA") that governs private settlement agreements regarding prison conditions. In relevant part, the statute provides:

> Nothing in this section shall preclude parties from entering into a private settlement agreement that does not comply with the limitations on relief set forth in subsection (a), if the terms of that agreement are not subject to court enforcement other than the reinstatement of the civil proceeding that the agreement settled.

18 U.S.C. § 3626(c)(2)(A). At issue, however, is whether the Court has jurisdiction to reinstate this action based on a breach of the private settlement agreement.

Federal courts are courts of limited jurisdiction, and a federal court must have jurisdiction over the subject matter before it can act. The law presumes that "a cause lies outside this limited jurisdiction, and the burden of establishing the contrary

---

[1] For the purposes of this motion, the Court will assume that such an agreement does exist.

rests upon the party asserting jurisdiction." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). Further, a federal court has an obligation to examine its own jurisdiction at any stage of the proceeding, even if no party raises jurisdictional issues. FW/PBS, Inc. v. City of Dallas, 493 U.S. 215 (1990); Fed. R. Civ. P. 12(h)(3) ("If a court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

The Supreme Court has squarely addressed this issue in Kokkonen, 511 U.S. 375 (1994). In that case, the parties reached a settlement agreement and filed a joint stipulation and order of dismissal with prejudice under Federal Rule of Civil Procedure 41(a)(1)(ii). Id. at 376-77. The district court judge signed the stipulation and order but did not reserve the court's jurisdiction to enforce the settlement or reference the settlement in any way. Id. at 377. Thereafter, the respondent moved to enforce the agreement. Id. The Supreme Court described the respondent's motion as "a claim for breach of contract, part of the consideration for which was the dismissal of an earlier federal suit." Id. 381.

The Court went on to find the lower court lacked jurisdiction to enforce the settlement agreement because the district court had not reserved jurisdiction or incorporated the settlement agreement into its dismissal order. Id. at 381. Without either of those

4

two actions on dismissal, "enforcement of the settlement agreement is for state court" as a breach of contract claim. Id. at 382. Since the decision in Kokkonen, lower courts have applied its reasoning in the PLRA context to deny motions to reinstate a case under § 3626. See, e.g., Hazelton v. Wrenn, 2013 WL 1953354, at *2 (D.N.H. April 10, 2013) (finding a lack of jurisdiction to reinstate case where the plaintiff alleged breach of a private settlement agreement because the court did not reserve jurisdiction to enforce it or reference the settlement in its dismissal order).

Here, the parties' stipulation of dismissal did not include the terms of the private settlement agreement, nor did it include any provision allowing the court to enforce the terms of the settlement or reinstate the matter. Although, unlike the dismissals in Kokkonen and Hazelton, the dismissal in this case was without prejudice, the Supreme Court did not rely on the distinction between dismissal with or without prejudice in finding a lack of jurisdiction to enforce a settlement. Kokkonen, 511 U.S. at 381-82. Instead, the Court emphasized the need to incorporate the settlement agreement into the dismissal to retain jurisdiction, whether that dismissal came under Rule 41(a)(1)(ii) or under Rule 41(a)(2). Id. Because the dismissal in this case did not incorporate the private settlement agreement or retain

jurisdiction, this Court lacks jurisdiction to reinstate Plaintiff's case.

While Plaintiff cannot enforce the settlement agreement in this Court, he is not without a remedy. If the terms of the settlement are breached, relief is appropriate via a breach of contract action in state court. Kokkonen, 511 U.S. at 382 ("[E]nforcement of the settlement agreement is for the state courts."); see also 18 U.S.C. § 3626(c)(2)(B) ("Nothing in this section shall preclude any party claiming that a private settlement agreement has been breached from seeking in State court any remedy available under State law.") Further, because the dismissal in this case was without prejudice, Plaintiff may also be able to file a new action in state or federal court alleging prison officials are violating his rights.

### III. Conclusion

For the above reasons, Plaintiff's motions to reinstate (docs. 126, 129) are **DENIED WITHOUT PREJUDICE**.

**ORDER ENTERED** at Augusta, Georgia, this 24th day of October, 2018.

```
_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
```